IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATRICK R. HOLLEY, SR.,

    Plaintiff,                                No. CIV S-05-2290 DFL GGH P

    vs.

J. Z. SCOTT, et al.,

    Defendants.                      FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed March 27, 2006, certain claims and defendants were dismissed from plaintiff's original complaint with leave granted for plaintiff to file an amended complaint. Plaintiff has filed an amended complaint.

        As plaintiff has been previously informed the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

By separate order the court has found that the amended complaint states a colorable claim for relief against certain defendants with respect to plaintiff's retaliation claims, pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).

As to plaintiff's efforts to renew claims that his First Amendment right of access to the courts has been infringed or obstructed by defendants O'Ran, Scott, Rogers, Cheng, and Imhoff in their allegedly retaliatory confiscation of legal papers in pending litigation of his own (or other inmates' legal actions), plaintiff's claims remain not colorable.  To the extent that he seeks to assert any denial of court access by any inmates he sought to assist, plaintiff has stated no cognizable claim.  Shaw v. Murphy, 532 U.S. 223, 227, 121 S. Ct. 1475, 1478 (2001).

\\\\\

Specifically, plaintiff claims that defendants have injured him in pending litigation, Case No. O5-2495 MCE JFM P, a case of which this court takes judicial notice.[1] Plaintiff alleges that defendants removed a declaration by a deceased inmate which would have supported the substantive claims therein. Amended Complaint, pp. 11-13. However, this matter is pending with a motion to dismiss brought by defendants, contending plaintiff has failed to exhaust administrative remedies. Thus, any document supporting the allegations on the merits of his action therein is not even, and may never be, at issue. Plaintiff, therefore, does not allege the requisite actual injury. Lewis v. Casey, 518 U.S. 343, 351-53, 355, 116 S.Ct. 2174 (1996).[2] Before a First Amendment claim of a denial of a right of access to the courts can go forward, an inmate must "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." Id. These claims should be dismissed.

As to plaintiff's allegations with respect to defendants Schwartz, Jones and Cullen, as plaintiff has been informed, the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the

---

[1] A court may take judicial notice of court records. See Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Moreover, a claim regarding destruction of evidence in a particular action is better resolved in that action. If this were not the case, every time a prisoner plaintiff felt aggrieved about a defendant's activities in one action, he could file an entire new action alleging denial of access to the courts.

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff's claims against defendants Schwartz, Jones and Cullen continue to seek to implicate these individuals in their supervisory capacities only and should be dismissed.

As to defendants Piazza, Grannis, and Cry, plaintiff alleges that his inmate grievances were not properly redressed. Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003), citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Even the non-existence of, or the failure of prison officials to properly implement, an administrative appeals process within the prison system does not raise constitutional concerns. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). See also, Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); Flick v. Alba, 932 F.2d 728 (8th Cir. 1991). Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D.Ill. 1982) ("[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment"). Specifically, a failure to process a grievance does not state a constitutional violation. Buckley, supra. State regulations give rise to a liberty interest protected by the Due Process Clause of the federal constitution only if those regulations pertain to "freedom from restraint" that "imposes atypical

and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300 (1995).[3]  Plaintiff's due process claims against defendants Piazza, Grannis, and Cry should be dismissed.

Accordingly, IT IS RECOMMENDED that:

1. Defendants Schwartz, Jones, Cullen, Piazza, Grannis, and Cry be dismissed from this action; and

2. Plaintiff's claims of a denial of his First Amendment right of access to the courts by defendants O'Ran, Scott, Rogers, Cheng and Imhoff be dismissed from this case, and this action proceed against these defendants only as to plaintiff's claims of retaliation.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 10/30/06                              /s/ Gregory G. Hollows

                                                                   GREGORY G. HOLLOWS
                                                                   UNITED STATES MAGISTRATE JUDGE

GGH:009
holl2290.f&r

---

[3] "[W]e recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. See also Board of Pardons v. Allen, 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, see, e.g., Vitek v. Jones, 445 U.S. 480, 493, 100 S.Ct.1254, 1263-1264 (transfer to mental hospital), and Washington, 494 U.S. 210, 221- 222, 110 S.Ct. 1028, 1036-1037 (involuntary administration of psychotropic drugs), nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, supra.